Thurman, J.
The main question in this case is, whether the act of the general assembly of March 4,1845, entitled “ an act to provide for the settlement of the affairs of the Cuyahoga Falls Real Estate Association ” (43 Ohio L. 223), contravened the constitution of 1802.
An act precisely similar in principle was held to be constitutional in the case of Lewis, Trustee of the Mechanics and Traders’ Bank of Cincinnati, v. McElvain, 16 Ohio, 347, and we see no reason to depart from that decision. Retrospective laws that violated no principle of natural justice, but that, on the contrary, were in furtherance of equity and good morals, were not forbidden by the constitution of 1802. So it was held in the case above cited, and, in our judgment, the decisions in Johnson v. Bentley, 16 Ohio, 97; Bartholomew v. Bentley, 1 Ohio St. 37, and Kearney v. Buttles, Id. 262, rest upon this principle. And at th'e present term it was distinctly affirmed in Miller v. Acheson. Now there was nothing in equity or good morals to render the mortgage in question void. If it ever was void, it was so only because a statute, founded upon principles of public policy solely, declared it so. That policy was a matter of public concern, and the general assembly has seen fit to change it. Under these circumstances, we do not see that the defendant should be permitted to roly upon it. We do not favor retrospective laws, and think they are wisely prohibited .by the new constitution; but they were frequently sustained under the former constitution, and have also been sustained by the highest *136 courts of other states, and by the Supreme Court of the United States.
Some of the averments in the original bill are possibly too general, and it might have been better to make all the members *of the association defendants, or show some sufficient excuse for not doing so, but no special demurrer, or demurrer for want of parties, was filed, and the objections, if they existed, ought not to have prevailed upon general demurrer. We are of opinion that the court erred in sustaining the demurrer and dismissing the bill, and its decree is therefore reversed.